| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE - Personal Injury |

Ashanti P. Austin and
Mark N. Hoffman,

            Plaintiffs,

vs.

Officer Jeffrey Seidl,
Officer David Garman,
and City of Minneapolis,

            Defendants.

**COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

Case No. _____

      Plaintiffs Ashanti Austin and Mark Hoffman, for their Complaint against above-named Defendants, state and allege as follows:

## I. INTRODUCTION

      1.    This is a civil rights action arising from Defendants' brazen violations of Plaintiffs' rights on September 4, 2012, including pointing a gun at Plaintiff Austin, entering Plaintiffs' home without legal grounds, using harmful and unjustified force, detaining Plaintiffs without any reasonable or legal basis, confiscated Plaintiff Austin's cell phone and destroyed video evidence, and used other methods to attempt to cover up the incident. Plaintiffs' causes of action include violations of their constitutional rights under the First, Fourth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, deprivation of rights pursuant to 42 U.S.C. § 1981, violations of the

Exhibit B

Minnesota Human Rights Act contained in Minn. Stat. Ch. 363A, and common law claims for assault, battery, and false imprisonment.

## II. PARTIES

2. Plaintiff Ashanti P. Austin, a 37 year old African American female, is a resident of Minneapolis, Hennepin County, Minnesota.

3. Plaintiff Mark N. Hoffman, a 34 year old caucasian male, is a resident of Minneapolis, Hennepin County, Minnesota.

4. Defendant Jeffrey Seidl is a police officer employed by the City of Minneapolis presently and at the time of the incident giving rise to this case. At all times relevant hereto, he was acting under color of state law. Defendant Seidl is being sued in his personal and official capacity.

5. Defendant David Garman is a police officer employed by the City of Minneapolis presently and at the time of the incident giving rise to this case. At all times relevant hereto, he was acting under color of state law. Defendant Garman is being sued in his personal and official capacity.

6. Defendant City of Minneapolis is a city in the State of Minnesota, and through its police officer employees, is responsible for the actions that are the subject of this lawsuit.

## III. FACTS

7. On the early afternoon of September 4, 2012, Plaintiff Austin was

inside her home on Elliot Avenue South, near 37th Street in Minneapolis, when her attention was drawn to interaction she heard outside, particular the sound of a young man saying, "Its not me." Ms. Austin looked out the window and observed a person she recognized from the neighborhood and a police car. She then went downstairs to observe events from her porch.

8. The porch was approximately thirty feet away from the encounter where police officers, upon information and belief, Seidle and Garman, were searching the young man. Ms. Austin recorded the events using the audio and video application on her mobile phone, and also explained what was happening to two women watching events nearby who were apparently relatives of the young man and were asking what the police were doing. The police had the young man leaning against the squad car, put on handcuffs, pulled up his shirt, and went through his wallet.

9. As Ms. Austin continued to observe and record events, she complained to the police that they were engaging in racial profiling because there were problems in the neighborhood with police singling out young black men, and his relatives indicated that this individual had not done anything wrong. The police eventually released the young man.

10. Defendant police officers then got into their squad car. As one of the officers, upon information and belief Seidl, got into the squad car, he yelled at Ms. Austin to "shut up." She responded, "No." After he got into the squad car, Seidl yelled out the

Exhibit B

window at Ms. Austin, "I know where to find you."

11.     Defendant officers then drove their squad car right in front of Ms. Austin's house. One of the officers, upon information and belief Seidl, got out the car and ran towards Ms. Austin with his gun drawn. Ms. Austin was terrified and went inside the house. Seidl followed Ms. Austin inside and through the house, and pointed his gun in her face. Seidl then grabbed Ms. Austin and pulled her down to the ground with such force as to cause great pain. Seidl then placed one handcuff on Ms. Austin, dragged her outside down the steps in front of her house and to the squad car. Seidl then threw Ms. Austin up against the squad car, placed the other handcuff on her, and detained her in back of the squad car with handcuffs on.

12.     Seidl never gave Ashanti any orders - lawful and unlawful before attacking her and detaining her. He had no legal justification for invading Ms. Austin's home, using force on her, or detaining her. Upon information and belief, Garman assisted Seidl in his actions.

13.     Plaintiff Mark Hoffman lived in another unit of the same house where Ms. Austin lived. As Seidl entered the house, Hoffman asked him if he had a warrant, why he was drawing his gun, and why he was arresting Austin. Seidl did not respond.

14.     When Seidl dragged Ms. Austin outside the house, Mr. Hoffman followed in order to observe events. Austin had tossed her cell phone to Hoffman with

her uncuffed hand as Seidl had been dragging her. Another officer, upon information and belief Defendant Officer Garman, stopped Mr. Hoffman right outside his house and ordered Hoffman to go back to his apartment. Mr. Hoffman asked Garman why an officer entered the house without a warrant with his gun drawn and arrested Ms. Austin, asked where officers were taking Ms. Austin, and also asked for the officers' badge numbers. Garman did not respond. Hoffman was speaking calmly on the steps in front of the house, was wearing a bathrobe with no belt and underwear, and clearly posed no threat to anyone. Seidl then came back toward the house, grabbed Mr. Hoffman and grabbed Ms. Austin's cell phone from him, placed Hoffman in handcuffs, escorted him to the squad car while he was wearing only a bathrobe and underwear, and detained him in the squad car.

15. The police lacked any legal grounds or justifications for seizing or detaining Mr. Hoffman.

16. As Defendant officers were detaining him, Mr. Hoffman requested that they get him a shirt. Garman refused, responding, "I've taken people with less on."

17. Mr. Hoffman complained to Defendant officers that the handcuffs were too tight and he could not feel his right hand. Defendants refused to loosen the handcuffs.

18. Defendant officers then drove to another location down the block, threatened and yelled at them, and continued to detain Plaintiffs for about 30 minutes.

Exhibit B

19. Defendant officers eventually released Plaintiffs. They returned Ms. Austin's mobile phone which Seidl had taken. Defendant officers had erased the audio and video recording that Ms. Austin had taken of their actions.

20. Plaintiff Hoffman suffered nerve damage to his right hand as a result of the tight handcuffs. He suffered sharp pain in his right arm and elbow, and numbness in his hand and fingers. Mr. Hoffman could not move or use his hand normally for several months. He could not write which inhibited his ability to do his job. Mr. Hoffman has also suffered and continues to suffer emotional distress as a result of the incident.

21. Plaintiff Austin suffered and continues to suffer severe emotional distress and trauma as a result of Defendant officers' actions, which has interfered with her ability to do her job.

22. Defendant officers have deliberately prevented, covered up or destroyed evidence of the above-described events. They destroyed Ms. Austin's audio and video recording of their actions. Defendant officers failed to prepare any report of events as is required under their department's policies. Upon information and belief, Defendant officer turned off or destroyed all squad video and audio recording of events, and turned off GPS tracking devices.

23. Defendants officers have previously engaged in misconduct and violations of citizens' rights. The City of Minneapolis has failed to take action to

Exhibit B

adequately train, supervise or discipline Defendant officers, as it has similarly failed to do in response to many of its officers who frequently violated citizens' rights. By its actions or inactions, Defendant City of Minneapolis has engaged in a policy or custom of violations of citizens' rights.

24.   As a result of Defendants' actions, Plaintiffs have suffered pain, mental and emotional distress, embarrassment and humiliation, the invasion of their persons, and have incurred other losses and damages, each altogether **in excess of** $50,000.

## IV. CAUSES OF ACTION

25.   Plaintiffs hereby reallege and incorporate by reference all of the facts and allegations contained in paragraphs 1 through 24 of this Complaint.

26.   **COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - FOURTH AMENDMENT - EXCESSIVE FORCE.** Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth Amendment protections against unreasonable seizures by engaging in unjustified, unnecessary and excessive force.

27.   **COUNT 2 - VIOLATION OF 42 U.S.C. § 1983 - FOURTH AMENDMENT -- UNLAWFUL SEIZURE AND DETENTION.** Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities

Exhibit B

secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth Amendment protections against unreasonable seizures by seizing and detaining Plaintiffs and thereby depriving them of their liberty, and by seizing Plaintiffs' property, without any probable cause or arguable cause to believe they had committed any crime, and without any other possible legally requisite cause to intrude upon Plaintiffs' liberty.

28.     **COUNT 3 - VIOLATIONS OF 42 U.S.C. § 1983 - FIFTH AND FOURTEENTH AMENDMENT.** Defendants, acting under color of state law, have deprived Plaintiffs their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fifth and Fourteenth Amendment Rights to Due Process by unlawful destruction of evidence, and depriving Plaintiffs of their of her liberty and causing physical harm without any justification for doing so and engaging in outrageous conduct.

29.     **COUNT 4 - VIOLATIONS OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT - EQUAL PROTECTION.** Defendants, acting under color of state law, have deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourteenth Amendment Right to Equal Protection by subjecting them to brutal and unlawful treatment which differs from treatment accorded to similarly situated citizens.

Exhibit B

30. **COUNT 5 - VIOLATIONS OF 42 U.S.C. § 1983 - FIRST AMENDMENT.** Defendants, acting under color of state law, deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of their First Amendment Right to Free Speech by assaulting, arresting and detaining, and otherwise discriminating and retaliating against them for exercising their basic and fundamental rights to engage in free expression, speech and association, including the rights to observe, question and criticize police officers.

31. **COUNT 6 - VIOLATIONS OF 42 U.S.C. § 1983 - CONSPIRACY.** Defendants, acting under color of state law, deprived Plaintiffs their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by conspiring among themselves and with others to violate Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments, in connection with their unlawful arrest and detention, use of unnecessary force, and deliberate actions to cover up their unlawful actions.

32. **COUNT 7 - VIOLATIONS OF 42 U.S.C. § 1983 - FAILURE TO PROPERLY TRAIN AND SUPERVISE.** Defendant City of Minneapolis deprived Plaintiffs their rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by failing to properly train and supervise its police officers to respect the constitutional and other rights of its citizens, and thereby encouraged and implicitly authorized individual Defendants to violate the rights of Plaintiffs. The City of Minneapolis has maintained an ongoing practice and custom that continue with the incidents described in this Complaint, which includes but is

not limited to a pattern of disregard for the rights of citizens.

33. **COUNT 8 - VIOLATIONS OF 42 U.S.C. § 1981 - DISCRIMINATION AND RETALIATION.** Defendants were motivated by unlawful racial bias and racial considerations and retaliatory motives in subjecting Plaintiffs to the improper, illegal, discriminatory and retaliatory force and detention of Plaintiff Austin and retaliatory force and detention of Plaintiff Hoffman. Plaintiffs were denied the equal benefit and protection of all laws and proceedings and deprived of the security of their person and property because of race, in violation of 42 U.S.C. § 1981.

34. **COUNT 9 - VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT.** Defendants, by their above described actions, discriminated against Plaintiff Austin as to the benefits, access, and utilization of public service because of her race, in violation of Minn. Stat. § 363A.12, subd. 1. Defendants further by their above-described actions, engaged in unlawful reprisal against Plaintiffs Austin and Hoffman for opposing Defendants' discriminatory actions, and against Plaintiff Hoffman for being associated with a person of a different race, all in violation of Minn. Stat. § 363A.15.

35. **COUNT 10 - BATTERY.** Defendants, by their above-described actions, engaged in harmful and violent physical contact against Plaintiffs without consent or any legal justification.

36. **COUNT 11 - ASSAULT** Defendants, by their above-described actions, caused Plaintiffs to suffer fear of imminent bodily harm without any consent or

10

legal justification.

37. **COUNT 12 - FALSE IMPRISONMENT.** Defendants, by their above-described actions, wrongfully, illegally, and unjustifiably confined and restrained Plaintiffs without their consent, and thereby falsely imprisoned them.

38. **COUNT 13 - NEGLIGENCE.** Defendants, by their above-described actions, breached their duty to exercise a reasonable standard of care in dealing with Plaintiffs, and acted willfully and maliciouslly.

39. As a result of Defendants' above-described illegal conduct, Plaintiffs have suffered the damages described in paragraph 24 of this Complaint.

## V. RELIEF REQUESTED

WHEREFORE Plaintiffs pray for Judgment in their favor as follows:

1. Awarding judgment in favor of each Plaintiff, and against the Defendants and each of them jointly and severally in an amount **in excess of** $50,000.00 as and for compensatory damages.

2. Awarding punitive damages against Defendants.

3. Awarding Plaintiffs all of their costs and disbursements herein, and prejudgment interest.

4. Awarding Plaintiffs reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and Minn. Stat. § 363A.33, subd. 7.

5.  Such other and further relief as the Court may deem just and proper.

Dated: February 4, 2013                                  LAW OFFICE OF JORDAN S. KUSHNER

                                                         By s/Jordan S. Kushner
                                                         Jordan S. Kushner, ID 219307
                                                         Attorney for Plaintiffs
                                                         431 South 7th Street, Suite 2446
                                                         Minneapolis, Minnesota 55415
                                                         (612) 288-0545

## ACKNOWLEDGMENT REQUIRED BY MINN. STAT. § 549.211

The Plaintiffs, by their undersigned attorney, hereby acknowledges that, pursuant to Minn. Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party in this litigation.

Dated: February 4, 2013                                  By s/Jordan S. Kushner
                                                         Jordan S. Kushner, ID 219307
                                                         Attorney for Plaintiffs

Exhibit B